Cynthia S. Betz (cbetz@mccarter.com)
Desiree L. Grace (dgrace@mccarter.com)
**MCCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 622-4444

*Attorneys for Plaintiffs*
*Avadel CNS Pharmaceuticals, LLC and*
*Flamel Ireland Limited*

**OF COUNSEL:**
Vishal C. Gupta (vgupta@steptoe.com)
John J. Molenda* (jmolenda@steptoe.com)
Jordan P. Markham* (jmarkham@steptoe.com)
Tyler Doh (tdoh@steptoe.com)
Lillian Wallace* (lwallace@steptoe.com)
Michael I. Green* (migreen@steptoe.com)
Fievel Lim* (flim@steptoe.com)
* *pro hac vice* forthcoming
**STEPTOE LLP**
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 506-3900

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AVADEL CNS PHARMACEUTICALS, LLC and FLAMEL IRELAND LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> GRANULES INDIA LIMITED, <br><br> Defendant. | C.A. No.: _____ |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Avadel CNS Pharmaceuticals, LLC ("Avadel") and Flamel Ireland Limited

("Flamel") (collectively, "Plaintiffs"), for their Complaint against defendant Granules India

Limited ("Granules" or "Defendant"), hereby allege as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., arising from Granules' filing of Abbreviated New Drug Application ("ANDA") No. 221586 ("Granules' ANDA") with the United States Food and Drug Administration ("FDA") seeking approval to commercially market an infringing generic version of LUMRYZ® (sodium oxybate) at doses of 4.5 g/packet, 6 g/packet, 7.5 g/packet, and 9 g/packet (the "Granules' ANDA Products") prior to the expiration of United States Patent Nos. 10,272,062 (the "'062 patent"), 10,736,866 (the "'866 patent"), 10,952,986 (the "'986 patent"), 10,973,795 (the "'795 patent"), 11,000,498 (the "'498 patent"), 11,052,061 (the "'061 patent"), 11,065,224 (the "'224 patent"), 11,400,065 (the "'065 patent"), 11,504,347 (the "'347 patent"), 11,583,510 (the "'510 patent"), 11,602,512 (the "'512 patent"), 11,602,513 (the "'513 patent"), 11,766,418 (the "'418 patent"), 11,779,557 (the "'557 patent"), 11,826,335 (the "'335 patent"), 11,839,597 (the "'597 patent"), 11,896,572 (the "'572 patent"), 11,986,451 (the "'451 patent"), 12,097,175 (the "'175 patent"), 12,097,176 (the "'176 patent"), 12,109,186 (the "'186 patent"), 12,115,142 (the "'142 patent"), 12,115,143 (the "'143 patent"), 12,115,144 (the "'144 patent"), 12,115,145 (the "'145 patent"), 12,128,021 (the "'021 patent"), 12,138,239 (the "'239 patent"), 12,144,793 (the "'793 patent"), and 12,303,478 (the "'478 patent") (collectively, the "patents-in-suit").  Flamel is the owner and assignee of the patents-in-suit.  Avadel is the exclusive licensee of the patents-in-suit.

## THE PARTIES

2.      Plaintiff Avadel CNS Pharmaceuticals, LLC is an entity organized and existing under the laws of the State of Delaware and has its principal place of business at 16640 Chesterfield Grove Road, Suite 200, Chesterfield, Missouri 63005.

3.      Plaintiff Flamel Ireland Limited is a limited company organized and existing under the laws of the Republic of Ireland and has its principal place of business at Connaught House, 1 Burlington Road, Dublin, Ireland D04 C5Y6.

4.      On information and belief, Defendant Granules India Limited is an entity organized and existing under the laws of India, having a principal place of business at 15th Floor, Granules Tower, Botanical Garden Road, Kondapur, Hyderabad – 500084, Telangana, India.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement arising under the Patent Laws of the United States and the Food and Drug Laws of the United States, Titles 35 and 21, United States Code.  This Court has jurisdiction over the subject matter of this action under 35 U.S.C. § 271, 28 U.S.C. §§ 1331, 1338, 2201, and/or 2202.

6.      This Court has personal jurisdiction over Granules by virtue of, *inter alia*, its systematic and continuous contacts with the State of New Jersey.

7.      On information and belief, Granules purposefully has conducted and continues to conduct business in this Judicial District.

8.      On information and belief, Granules, directly or through one or more of its subsidiaries or agents, manufactures, markets, imports, distributes, and/or sells pharmaceutical

drug products, including generic drug products, throughout the United States, including in this Judicial District.

9. On information and belief, Granules intends a future course of conduct that includes acts of patent infringement in this Judicial District.

10. On information and belief, Granules knows and intends that, upon FDA approval of Granules' ANDA, Granules' ANDA Products will be distributed, sold, and marketed by or on behalf of Granules throughout the United States, including in this Judicial District, and will thereby displace sales of LUMRYZ®, causing injury to Plaintiffs in this Judicial District.

11. On information and belief, this Judicial District is a likely destination for the generic drug products described in Granules' ANDA.

12. On information and belief, Granules, directly or through one or more of its subsidiaries or agents, is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under one or more of Business ID Nos. 0100902434 and 0451318432.

13. On information and belief, Granules, directly or through one or more of its subsidiaries or agents, is registered as a distributor and/or manufacturer of pharmaceuticals with the New Jersey Department of Health under one or more of Registration Nos. 5003061, 5005086, and 5006297, and/or has applied for registration under Registration No. 7202921.

14. On information and belief, Granules, directly or through one or more of its subsidiaries or agents, maintains at least one physical place of business in this Judicial District.

- 4 -

15. On information and belief, Granules, directly or through one or more of its subsidiaries or agents, maintains a physical place of business at 35 Waterview Blvd, Parsippany, NJ 07054.

16. On information and belief, Granules, directly or through one or more of its subsidiaries or agents, maintains a physical place of business at 111 Howard Blvd, Mount Arlington, NJ 07856.

17. On information and belief, Granules, directly or through one or more of its subsidiaries or agents, maintains at least one physical place of business in this Judicial District in which Granules, its subsidiaries, or its agents manufactures, markets, imports, distributes, and/or sells pharmaceutical drug products, including generic drug products.

18. On information and belief, Granules exercises direction and/or control over its subsidiaries and agents that maintain at least one physical place of business in this Judicial District.

19. On information and belief, Granules will collaborate with its subsidiaries or agents for marketing, distributing, and/or selling Granules' ANDA Products in this Judicial District once approved by the FDA.

20. This Court has personal jurisdiction over Granules also because it has taken advantage of the jurisdiction of this Court by filing counterclaims in this Court. Granules has previously been sued in this Judicial District and has availed itself of New Jersey courts through the assertion of counterclaims in suits brought in New Jersey, and has not challenged personal jurisdiction. *See Jazz Pharms. Ir. Ltd. v. Granules India Ltd.*, No. 25-cv-14606. Granules has

not objected to personal jurisdiction in additional suits brought in New Jersey. *See Incyte Corp. v. Granules India Ltd.*, No. 1:25-cv-13227.

21.    In the alternative, this Court has personal jurisdiction over Granules because the requirements of Federal Rule of Civil Procedure 4(k)(2) are met as (a) Plaintiffs' claims arise under federal law; (b) Granules is a foreign defendant not subject to personal jurisdiction in the courts of general jurisdiction of any state; and (c) on information and belief, Granules has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting ANDAs to the FDA and/or manufacturing, importing, offering to sell, and/or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Granules satisfies due process.

22.    Venue is proper in this district as to Granules pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Granules is an entity existing under the laws of India and may be sued in any judicial district.

## BACKGROUND

### The Patents-in-Suit and LUMRYZ® Drug Product

23.    NDA No. 214755 (the "NDA") is for LUMRYZ®—sodium oxybate for extended-release oral suspension (packets of 4.5 g, 6 g, 7.5 g, 9 g). LUMRYZ® is the Reference Listed Drug for Granules' ANDA. Avadel holds the NDA per FDA records.

24.    The NDA was approved on May 1, 2023. Sodium oxybate for extended-release oral suspension (packets of 4.5 g, 6 g, 7.5 g, 9 g) has been sold in the United States under the trademark LUMRYZ® pursuant to the NDA.

25.     The patents-in-suit are each listed in the FDA's publication titled *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book").

26.     LUMRYZ® is indicated for the treatment of cataplexy or excessive daytime sleepiness (EDS) in patients 7 years of age and older with narcolepsy.

### A.     The '062 Patent

27.     On April 30, 2019, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '062 patent, entitled "Modified release gamma-hydroxybutyrate formulations having improved pharmacokinetics."  A copy of the '062 patent is attached as **Exhibit A**.  The '062 patent is listed in the Orange Book as covering LUMRYZ® (NDA No. 214755).

### B.     The '866 Patent

28.     On August 11, 2020, the USPTO duly and lawfully issued the '866 patent, entitled "Modified release gamma-hydroxybutyrate formulations having improved pharmacokinetics."  A copy of the '866 patent is attached as **Exhibit B**.  The '866 patent is listed in the Orange Book as covering LUMRYZ® (NDA No. 214755).

### C.     The '986 Patent

29.     On March 23, 2021, the USPTO duly and lawfully issued the '986 patent, entitled "Modified release gamma-hydroxybutyrate formulations having improved pharmacokinetics."  A copy of the '986 patent is attached as **Exhibit C**.  The '986 patent is listed in the Orange Book as covering LUMRYZ® (NDA No. 214755).

D.       **The '795 Patent**

30.     On April 13, 2021, the USPTO duly and lawfully issued the '795 patent, entitled "Modified release gamma-hydroxybutyrate formulations having improved pharmacokinetics."  A copy of the '795 patent is attached as **Exhibit D**.  The '795 patent is listed in the Orange Book as covering LUMRYZ® (NDA No. 214755).

E.       **The '498 Patent**

31.     On May 11, 2021, the USPTO duly and lawfully issued the '498 patent, entitled "Modified release gamma-hydroxybutyrate formulations having improved pharmacokinetics."  A copy of the '498 patent is attached as **Exhibit E**.  The '498 patent is listed in the Orange Book as covering LUMRYZ® (NDA No. 214755).

F.       **The '061 Patent**

32.     On July 6, 2021, the USPTO duly and lawfully issued the '061 patent, entitled "Modified release gamma-hydroxybutyrate formulations having improved pharmacokinetics."  A copy of the '061 patent is attached as **Exhibit F**.  The '061 patent is listed in the Orange Book as covering LUMRYZ® (NDA No. 214755).

G.       **The '224 Patent**

33.     On July 20, 2021, the USPTO duly and lawfully issued the '224 patent, entitled "Modified release gamma-hydroxybutyrate formulations having improved pharmacokinetics."  A copy of the '224 patent is attached as **Exhibit G**.  The '224 patent is listed in the Orange Book as covering LUMRYZ® (NDA No. 214755).

H.        **The '065 Patent**

34.    On August 2, 2022, the USPTO duly and lawfully issued the '065 patent, entitled "Gamma-hydroxybutyrate compositions having improved pharmacokinetics in the fed state."  A copy of the '065 patent is attached as **Exhibit H**.  The '065 patent is listed in the Orange Book as covering LUMRYZ® (NDA No. 214755).

I.        **The '347 Patent**

35.    On November 22, 2022, the USPTO duly and lawfully issued the '347 patent, entitled "Modified release gamma-hydroxybutyrate formulations having improved pharmacokinetics."  A copy of the '347 patent is attached as **Exhibit I**.  The '347 patent is listed in the Orange Book as covering LUMRYZ® (NDA No. 214755).

J.        **The '510 Patent**

36.    On February 21, 2023, the USPTO duly and lawfully issued the '510 patent, entitled "Methods of administering gamma hydroxybutyrate formulations after a high-fat meal."  A copy of the '510 patent is attached as **Exhibit J**.  The '510 patent is listed in the Orange Book as covering LUMRYZ® (NDA No. 214755).

K.        **The '512 Patent**

37.    On March 14, 2023, the USPTO duly and lawfully issued the '512 patent, entitled "Modified release gamma-hydroxybutyrate formulations having improved pharmacokinetics."  A copy of the '512 patent is attached as **Exhibit K**.  The '512 patent is listed in the Orange Book as covering LUMRYZ® (NDA No. 214755).

L.          **The '513 Patent**

38.     On March 14, 2023, the USPTO duly and lawfully issued the '513 patent, entitled "Modified release gamma-hydroxybutyrate formulations having improved pharmacokinetics."  A copy of the '513 patent is attached as **Exhibit L**.  The '513 patent is listed in the Orange Book as covering LUMRYZ® (NDA No. 214755).

M.          **The '418 Patent**

39.     On September 26, 2023, the USPTO duly and lawfully issued the '418 patent, entitled "Modified release gamma-hydroxybutyrate formulations having improved pharmacokinetics."  A copy of the '418 patent is attached as **Exhibit M**.  The '418 patent is listed in the Orange Book as covering LUMRYZ® (NDA No. 214755).

N.          **The '557 Patent**

40.     On October 10, 2023, the USPTO duly and lawfully issued the '557 patent, entitled "Modified release gamma-hydroxybutyrate formulations having improved pharmacokinetics."  A copy of the '557 patent is attached as **Exhibit N**.  The '557 patent is listed in the Orange Book as covering LUMRYZ® (NDA No. 214755).

O.          **The '335 Patent**

41.     On November 28, 2023, the USPTO duly and lawfully issued the '335 patent, entitled "Modified release gamma-hydroxybutyrate formulations having improved pharmacokinetics."  A copy of the '335 patent is attached as **Exhibit O**.  The '335 patent is listed in the Orange Book as covering LUMRYZ® (NDA No. 214755).

P.        **The '597 Patent**

42.     On December 12, 2023, the USPTO duly and lawfully issued the '597 patent, entitled "Modified release gamma-hydroxybutyrate formulations having improved pharmacokinetics." A copy of the '597 patent is attached as **Exhibit P**. The '597 patent is listed in the Orange Book as covering LUMRYZ® (NDA No. 214755).

Q.        **The '572 Patent**

43.     On February 13, 2024, the USPTO duly and lawfully issued the '572 patent, entitled "Modified release gamma-hydroxybutyrate formulations having improved pharmacokinetics." A copy of the '572 patent is attached as **Exhibit Q**. The '572 patent is listed in the Orange Book as covering LUMRYZ® (NDA No. 214755).

R.        **The '451 Patent**

44.     On May 21, 2024, the USPTO duly and lawfully issued the '451 patent, entitled "Modified release gamma-hydroxybutyrate formulations having improved pharmacokinetics." A copy of the '451 patent is attached as **Exhibit R**. The '451 patent is listed in the Orange Book as covering LUMRYZ® (NDA No. 214755).

S.        **The '175 Patent**

45.     On September 24, 2024, the USPTO duly and lawfully issued the '175 patent, entitled "Modified release gamma-hydroxybutyrate formulations having improved pharmacokinetics." A copy of the '175 patent is attached as **Exhibit S**. The '175 patent is listed in the Orange Book as covering LUMRYZ® (NDA No. 214755).

T.          **The '176 Patent**

46.     On September 24, 2024, the USPTO duly and lawfully issued the '176 patent, entitled "Modified release gamma-hydroxybutyrate formulations having improved pharmacokinetics."  A copy of the '176 patent is attached as **Exhibit T**.  The '176 patent is listed in the Orange Book as covering LUMRYZ® (NDA No. 214755).

U.          **The '186 Patent**

47.     On October 8, 2024, the USPTO duly and lawfully issued the '186 patent, entitled "Modified release gamma-hydroxybutyrate formulations having improved pharmacokinetics."  A copy of the '186 patent is attached as **Exhibit U**.  The '186 patent is listed in the Orange Book as covering LUMRYZ® (NDA No. 214755).

V.          **The '142 Patent**

48.     On October 15, 2024, the USPTO duly and lawfully issued the '142 patent, entitled "Modified release gamma-hydroxybutyrate formulations having improved pharmacokinetics."  A copy of the '142 patent is attached as **Exhibit V**.  The '142 patent is listed in the Orange Book as covering LUMRYZ® (NDA No. 214755).

W.          **The '143 Patent**

49.     On October 15, 2024, the USPTO duly and lawfully issued the '143 patent, entitled "Modified release gamma-hydroxybutyrate formulations having improved pharmacokinetics."  A copy of the '143 patent is attached as **Exhibit W**.  The '143 patent is listed in the Orange Book as covering LUMRYZ® (NDA No. 214755).

X.        **The '144 Patent**

50.    On October 15, 2024, the USPTO duly and lawfully issued the '144 patent, entitled "Modified release gamma-hydroxybutyrate formulations having improved pharmacokinetics." A copy of the '144 patent is attached as **Exhibit X**. The '144 patent is listed in the Orange Book as covering LUMRYZ® (NDA No. 214755).

Y.        **The '145 Patent**

51.    On October 15, 2024, the USPTO duly and lawfully issued the '145 patent, entitled "Modified release gamma-hydroxybutyrate formulations having improved pharmacokinetics." A copy of the '145 patent is attached as **Exhibit Y**. The '145 patent is listed in the Orange Book as covering LUMRYZ® (NDA No. 214755).

Z.        **The '021 Patent**

52.    On October 29, 2024, the USPTO duly and lawfully issued the '021 patent, entitled "Modified release gamma-hydroxybutyrate formulations having improved pharmacokinetics." A copy of the '021 patent is attached as **Exhibit Z**. The '021 patent is listed in the Orange Book as covering LUMRYZ® (NDA No. 214755).

AA.      **The '239 Patent**

53.    On November 12, 2024, the USPTO duly and lawfully issued the '239 patent, entitled "Modified release gamma-hydroxybutyrate formulations having improved pharmacokinetics." A copy of the '239 patent is attached as **Exhibit AA**. The '239 patent is listed in the Orange Book as covering LUMRYZ® (NDA No. 214755).

BB.    **The '793 Patent**

54.    On November 19, 2024, the USPTO duly and lawfully issued the '793 patent, entitled "Modified release gamma-hydroxybutyrate formulations having improved pharmacokinetics."  A copy of the '793 patent is attached as **Exhibit BB**.  The '793 patent is listed in the Orange Book as covering LUMRYZ® (NDA No. 214755).

CC.    **The '478 Patent**

55.    On May 20, 2025, the USPTO duly and lawfully issued the '478 patent, entitled "Gamma-hydroxybutyrate compositions having improved pharmacokinetics in the fed state."  A copy of the '478 patent is attached as **Exhibit CC**.  The '478 patent is listed in the Orange Book as covering LUMRYZ® (NDA No. 214755).

## ACTS GIVING RISE TO THIS SUIT

56.    Pursuant to Section 505 of the Federal Food, Drug, and Cosmetic Act ("FFDCA"), Granules filed Granules' ANDA with the FDA seeking approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products before the patents-in-suit expire.

57.    Under statute, Granules has committed an act of infringement by filing Granules' ANDA with a Paragraph IV Certification.

58.    On information and belief, following FDA approval of Granules' ANDA, Granules will make, use, sell, or offer to sell Granules' ANDA Products throughout the United States, or import such generic products into the United States.

- 14 -

59. On information and belief, in connection with the filing of Granules' ANDA as described above, Granules provided a written certification to the FDA pursuant to Section 505 of the FFDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification"), alleging that the claims of the patents-in-suit are invalid, unenforceable, and/or will not be infringed by the activities described in Granules' ANDA.

60. Granules sent written notice of Granules' Paragraph IV Certification regarding the patents-in-suit ("Granules' Notice Letter") to Avadel and Alkermes plc on or about June 17, 2026. Granules' Notice Letter alleged that the claims of the patents-in-suit will not be infringed by the activities described in Granules' ANDA and/or are invalid. Granules' Notice Letter also informed Plaintiffs that Granules seeks approval to market Granules' ANDA Products before the patents-in-suit expire. Granules' Notice Letter was not addressed to patent owner Flamel.

61. A second copy of Granules' Notice Letter, dated June 23, 2026, was addressed to Avadel and Alkermes plc, not Flamel.

62. A third copy of Granules' Notice Letter, dated July 28, 2026, was addressed to Alkermes plc, Avadel, and Flamel, care of Latham & Watkins LLP. However, the USPTO records do not reflect Latham & Watkins LLP as Flamel's designated representative to receive notice.

63. No notice letter was addressed and sent to Flamel at its address.

64. Because Flamel is the patent owner of the patents-in-suit, Granules was required to send its notice letter to Flamel or its designated representative under 21 C.F.R. § 314.95(a). As discussed above, Granules failed to do so. Because of that failure, Plaintiffs are entitled to a

30-month stay of FDA approval pursuant to 21 U.S.C. § 355(j)(5)(B)(iii) from the date of a notice letter addressed to and received by Flamel, which has not yet occurred.

65.     In Granules' Notice Letter, Granules included a "Detailed Statement of Factual and Legal Bases for Granules' Assertion of Invalidity, Unenforceability, or Non-Infringment [sic]" of the patents-in-suit, which sets forth the basis for its Paragraph IV Certification.

66.     In Granules' Notice Letter, Granules states that the established name for Granules' ANDA Products is "Sodium Oxybate for Extended-Release Oral Suspension (packets of 4.5 g, 6 g, 7.5 g, or 9 g)."

67.     Granules' Notice Letter contained an "Offer of Confidential Access."  Plaintiffs found the terms of the Offer of Confidential Access to be unreasonable and attempted to negotiate access on more reasonable terms.  Plaintiffs negotiated with Granules in good faith, but no agreement was reached.  Granules has not provided any confidential information as of the date of this Complaint.

68.     Based on their review of Granules' Paragraph IV Certification and other information, Plaintiffs are informed and believe the filing of Granules' ANDA infringes and Granules' ANDA Products will infringe valid patent claims of the patents-in-suit, and have therefore brought this action.

69.     On information and belief, fact and expert discovery will show that Granules' ANDA Products infringe one or more claims of the patents-in-suit.

70.     This action is being commenced before the expiration of 45 days from the date Avadel received Granules' Notice Letter.

## COUNT I
### Infringement of the '062 Patent

71.     Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

72.     Granules, by the submission of its Paragraph IV Certification as part of Granules' ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '062 patent.

73.     Granules' ANDA has been pending before the FDA since at least June 17, 2026, the date appearing on Granules' Notice Letter.

74.     On information and belief, Granules' ANDA Products are covered by at least one or more properly construed claims of the '062 patent, either literally or under the doctrine of equivalents.

75.     Granules' submission of Granules' ANDA to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '062 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

76.     There is a justiciable controversy between the parties hereto as to the infringement of the '062 patent.

77.     Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '062 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.

78.     Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '062 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules' proposed label affirmatively instructs healthcare providers and/or patients to use Granules' ANDA Products in a manner that directly infringes one or more claims of the '062 patent.  By including such instructions in its proposed label, Granules has intentionally taken active steps to encourage acts of direct infringement with knowledge of the '062 patent and with knowledge that its acts are encouraging infringement.

79.     Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '062 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' ANDA Products are especially adapted for a use that infringes one or more claims of the '062 patent and that there is no substantial non-infringing use for Granules' ANDA Products.

80.     Granules' ANDA Products are required in accordance with 21 U.S.C. § 355(j)(2)(A)(v) to have the same clinical instructions on use, be administered in the same manner, and achieve the same results as inventions claimed in the '062 patent.

81.     Plaintiffs will be substantially and irreparably damaged and harmed if Granules' infringement of the '062 patent is not enjoined.

82.     Plaintiffs do not have an adequate remedy at law.

83. This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT II
### Infringement of the '866 Patent

84. Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

85. Granules, by the submission of its Paragraph IV Certification as part of Granules' ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '866 patent.

86. Granules' ANDA has been pending before the FDA since at least June 17, 2026, the date appearing on Granules' Notice Letter.

87. On information and belief, Granules' ANDA Products are covered by at least one or more properly construed claims of the '866 patent, either literally or under the doctrine of equivalents.

88. Granules' submission of Granules' ANDA to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '866 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

89. There is a justiciable controversy between the parties hereto as to the infringement of the '866 patent.

90.     Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '866 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.

91.     Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '866 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules' proposed label affirmatively instructs healthcare providers and/or patients to use Granules' ANDA Products in a manner that directly infringes one or more claims of the '866 patent.  By including such instructions in its proposed label, Granules has intentionally taken active steps to encourage acts of direct infringement with knowledge of the '866 patent and with knowledge that its acts are encouraging infringement.

92.     Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '866 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' ANDA Products are especially adapted for a use that infringes one or more claims of the '866 patent and that there is no substantial non-infringing use for Granules' ANDA Products.

93.     Granules' ANDA Products are required in accordance with 21 U.S.C. § 355(j)(2)(A)(v) to have the same clinical instructions on use, be administered in the same manner, and achieve the same results as inventions claimed in the '866 patent.

94.     Plaintiffs will be substantially and irreparably damaged and harmed if Granules' infringement of the '866 patent is not enjoined.

95.     Plaintiffs do not have an adequate remedy at law.

96.     This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT III
### Infringement of the '986 Patent

97.     Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

98.     Granules, by the submission of its Paragraph IV Certification as part of Granules' ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '986 patent.

99.     Granules' ANDA has been pending before the FDA since at least June 17, 2026, the date appearing on Granules' Notice Letter.

100.    On information and belief, Granules' ANDA Products are covered by at least one or more properly construed claims of the '986 patent, either literally or under the doctrine of equivalents.

101.    Granules' submission of Granules' ANDA to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '986 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

102.    There is a justiciable controversy between the parties hereto as to the infringement of the '986 patent.

103.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '986 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.

104.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '986 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules' proposed label affirmatively instructs healthcare providers and/or patients to use Granules' ANDA Products in a manner that directly infringes one or more claims of the '986 patent.  By including such instructions in its proposed label, Granules has intentionally taken active steps to encourage acts of direct infringement with knowledge of the '986 patent and with knowledge that its acts are encouraging infringement.

105.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '986 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' ANDA Products are especially adapted for a use that infringes one or more claims of the '986 patent and that there is no substantial non-infringing use for Granules' ANDA Products.

106.    Granules' ANDA Products are required in accordance with 21 U.S.C. § 355(j)(2)(A)(v) to have the same clinical instructions on use, be administered in the same manner, and achieve the same results as inventions claimed in the '986 patent.

107.    Plaintiffs will be substantially and irreparably damaged and harmed if Granules' infringement of the '986 patent is not enjoined.

108.    Plaintiffs do not have an adequate remedy at law.

109.    This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT IV
### Infringement of the '795 Patent

110.    Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

111.    Granules, by the submission of its Paragraph IV Certification as part of Granules' ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '795 patent.

112.    Granules' ANDA has been pending before the FDA since at least June 17, 2026, the date appearing on Granules' Notice Letter.

113.    On information and belief, Granules' ANDA Products are covered by at least one or more properly construed claims of the '795 patent, either literally or under the doctrine of equivalents.

114.    Granules' submission of Granules' ANDA to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '795 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

115.    There is a justiciable controversy between the parties hereto as to the infringement of the '795 patent.

116.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '795 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.

117.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '795 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules' proposed label affirmatively instructs healthcare providers and/or patients to use Granules' ANDA Products in a manner that directly infringes one or more claims of the '795 patent.  By including such instructions in its proposed label, Granules has intentionally taken active steps to encourage acts of direct infringement with knowledge of the '795 patent and with knowledge that its acts are encouraging infringement.

118.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '795 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' ANDA Products are especially adapted for a use that infringes one or more claims

of the '795 patent and that there is no substantial non-infringing use for Granules' ANDA Products.

119.   Granules' ANDA Products are required in accordance with 21 U.S.C. § 355(j)(2)(A)(v) to have the same clinical instructions on use, be administered in the same manner, and achieve the same results as inventions claimed in the '795 patent.

120.   Plaintiffs will be substantially and irreparably damaged and harmed if Granules' infringement of the '795 patent is not enjoined.

121.   Plaintiffs do not have an adequate remedy at law.

122.   This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT V
## Infringement of the '498 Patent

123.   Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

124.   Granules, by the submission of its Paragraph IV Certification as part of Granules' ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '498 patent.

125.   Granules' ANDA has been pending before the FDA since at least June 17, 2026, the date appearing on Granules' Notice Letter.

126.    On information and belief, Granules' ANDA Products are covered by at least one or more properly construed claims of the '498 patent, either literally or under the doctrine of equivalents.

127.    Granules' submission of Granules' ANDA to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '498 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

128.    There is a justiciable controversy between the parties hereto as to the infringement of the '498 patent.

129.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '498 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.

130.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '498 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules' proposed label affirmatively instructs healthcare providers and/or patients to use Granules' ANDA Products in a manner that directly infringes one or more claims of the '498 patent.  By including such instructions in its proposed label, Granules has intentionally taken active steps to encourage acts of direct infringement with knowledge of the '498 patent and with knowledge that its acts are encouraging infringement.

131.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '498 patent under 35 U.S.C. § 271(c) by

making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States. On information and belief, Granules has had and continues to have knowledge that Granules' ANDA Products are especially adapted for a use that infringes one or more claims of the '498 patent and that there is no substantial non-infringing use for Granules' ANDA Products.

132.     Granules' ANDA Products are required in accordance with 21 U.S.C. § 355(j)(2)(A)(v) to have the same clinical instructions on use, be administered in the same manner, and achieve the same results as inventions claimed in the '498 patent.

133.     Plaintiffs will be substantially and irreparably damaged and harmed if Granules' infringement of the '498 patent is not enjoined.

134.     Plaintiffs do not have an adequate remedy at law.

135.     This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT VI
### Infringement of the '061 Patent

136.     Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

137.     Granules, by the submission of its Paragraph IV Certification as part of Granules' ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '061 patent.

138.    Granules' ANDA has been pending before the FDA since at least June 17, 2026, the date appearing on Granules' Notice Letter.

139.    On information and belief, Granules' ANDA Products are covered by at least one or more properly construed claims of the '061 patent, either literally or under the doctrine of equivalents.

140.    Granules' submission of Granules' ANDA to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '061 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

141.    There is a justiciable controversy between the parties hereto as to the infringement of the '061 patent.

142.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '061 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.

143.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '061 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules' proposed label affirmatively instructs healthcare providers and/or patients to use Granules' ANDA Products in a manner that directly infringes one or more claims of the '061 patent.  By including such instructions in its proposed label, Granules has intentionally taken active steps to encourage acts of direct infringement with knowledge of the '061 patent and with knowledge that its acts are encouraging infringement.

144.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '061 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' ANDA Products are especially adapted for a use that infringes one or more claims of the '061 patent and that there is no substantial non-infringing use for Granules' ANDA Products.

145.    Granules' ANDA Products are required in accordance with 21 U.S.C. § 355(j)(2)(A)(v) to have the same clinical instructions on use, be administered in the same manner, and achieve the same results as inventions claimed in the '061 patent.

146.    Plaintiffs will be substantially and irreparably damaged and harmed if Granules' infringement of the '061 patent is not enjoined.

147.    Plaintiffs do not have an adequate remedy at law.

148.    This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

**COUNT VII**
**Infringement of the '224 Patent**

149.    Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

150.    Granules, by the submission of its Paragraph IV Certification as part of Granules' ANDA to the FDA, has indicated that it seeks approval to engage in the commercial

manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '224 patent.

151.    Granules' ANDA has been pending before the FDA since at least June 17, 2026, the date appearing on Granules' Notice Letter.

152.    On information and belief, Granules' ANDA Products are covered by at least one or more properly construed claims of the '224 patent, either literally or under the doctrine of equivalents.

153.    Granules' submission of Granules' ANDA to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '224 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

154.    There is a justiciable controversy between the parties hereto as to the infringement of the '224 patent.

155.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '224 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.

156.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '224 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules' proposed label affirmatively instructs healthcare providers and/or patients to use Granules' ANDA Products in a manner that directly

infringes one or more claims of the '224 patent.  By including such instructions in its proposed label, Granules has intentionally taken active steps to encourage acts of direct infringement with knowledge of the '224 patent and with knowledge that its acts are encouraging infringement.

157.  Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '224 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' ANDA Products are especially adapted for a use that infringes one or more claims of the '224 patent and that there is no substantial non-infringing use for Granules' ANDA Products.

158.  Granules' ANDA Products are required in accordance with 21 U.S.C. § 355(j)(2)(A)(v) to have the same clinical instructions on use, be administered in the same manner, and achieve the same results as inventions claimed in the '224 patent.

159.  Plaintiffs will be substantially and irreparably damaged and harmed if Granules' infringement of the '224 patent is not enjoined.

160.  Plaintiffs do not have an adequate remedy at law.

161.  This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

**COUNT VIII**
**Infringement of the '065 Patent**

162.  Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

163.    Granules, by the submission of its Paragraph IV Certification as part of Granules' ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '065 patent.

164.    Granules' ANDA has been pending before the FDA since at least June 17, 2026, the date appearing on Granules' Notice Letter.

165.    On information and belief, Granules' ANDA Products are covered by at least one or more properly construed claims of the '065 patent, either literally or under the doctrine of equivalents.

166.    Granules' submission of Granules' ANDA to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '065 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

167.    There is a justiciable controversy between the parties hereto as to the infringement of the '065 patent.

168.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '065 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.

169.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '065 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the

United States.  On information and belief, Granules' proposed label affirmatively instructs healthcare providers and/or patients to use Granules' ANDA Products in a manner that directly infringes one or more claims of the '065 patent.  By including such instructions in its proposed label, Granules has intentionally taken active steps to encourage acts of direct infringement with knowledge of the '065 patent and with knowledge that its acts are encouraging infringement.

170.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '065 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' ANDA Products are especially adapted for a use that infringes one or more claims of the '065 patent and that there is no substantial non-infringing use for Granules' ANDA Products.

171.    Granules' ANDA Products are required in accordance with 21 U.S.C. § 355(j)(2)(A)(v) to have the same clinical instructions on use, be administered in the same manner, and achieve the same results as inventions claimed in the '065 patent.

172.    Plaintiffs will be substantially and irreparably damaged and harmed if Granules' infringement of the '065 patent is not enjoined.

173.    Plaintiffs do not have an adequate remedy at law.

174.    This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT IX
## Infringement of the '347 Patent

175.    Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

176.    Granules, by the submission of its Paragraph IV Certification as part of Granules' ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '347 patent.

177.    Granules' ANDA has been pending before the FDA since at least June 17, 2026, the date appearing on Granules' Notice Letter.

178.    On information and belief, Granules' ANDA Products are covered by at least one or more properly construed claims of the '347 patent, either literally or under the doctrine of equivalents.

179.    Granules' submission of Granules' ANDA to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '347 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

180.    There is a justiciable controversy between the parties hereto as to the infringement of the '347 patent.

181.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '347 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.

182.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '347 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules' proposed label affirmatively instructs healthcare providers and/or patients to use Granules' ANDA Products in a manner that directly infringes one or more claims of the '347 patent.  By including such instructions in its proposed label, Granules has intentionally taken active steps to encourage acts of direct infringement with knowledge of the '347 patent and with knowledge that its acts are encouraging infringement.

183.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '347 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' ANDA Products are especially adapted for a use that infringes one or more claims of the '347 patent and that there is no substantial non-infringing use for Granules' ANDA Products.

184.    Granules' ANDA Products are required in accordance with 21 U.S.C. § 355(j)(2)(A)(v) to have the same clinical instructions on use, be administered in the same manner, and achieve the same results as inventions claimed in the '347 patent.

185.    Plaintiffs will be substantially and irreparably damaged and harmed if Granules' infringement of the '347 patent is not enjoined.

186.    Plaintiffs do not have an adequate remedy at law.

187.   This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT X
## Infringement of the '510 Patent

188.   Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

189.   Granules, by the submission of its Paragraph IV Certification as part of Granules' ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '510 patent.

190.   Granules' ANDA has been pending before the FDA since at least June 17, 2026, the date appearing on Granules' Notice Letter.

191.   On information and belief, Granules' ANDA Products are covered by at least one or more properly construed claims of the '510 patent, either literally or under the doctrine of equivalents.

192.   Granules' submission of Granules' ANDA to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '510 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

193.   There is a justiciable controversy between the parties hereto as to the infringement of the '510 patent.

194.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '510 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.

195.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '510 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules' proposed label affirmatively instructs healthcare providers and/or patients to use Granules' ANDA Products in a manner that directly infringes one or more claims of the '510 patent.  By including such instructions in its proposed label, Granules has intentionally taken active steps to encourage acts of direct infringement with knowledge of the '510 patent and with knowledge that its acts are encouraging infringement.

196.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '510 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' ANDA Products are especially adapted for a use that infringes one or more claims of the '510 patent and that there is no substantial non-infringing use for Granules' ANDA Products.

197.    Granules' ANDA Products are required in accordance with 21 U.S.C. § 355(j)(2)(A)(v) to have the same clinical instructions on use, be administered in the same manner, and achieve the same results as inventions claimed in the '510 patent.

198.   Plaintiffs will be substantially and irreparably damaged and harmed if Granules' infringement of the '510 patent is not enjoined.

199.   Plaintiffs do not have an adequate remedy at law.

200.   This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT XI
### Infringement of the '512 Patent

201.   Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

202.   Granules, by the submission of its Paragraph IV Certification as part of Granules' ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '512 patent.

203.   Granules' ANDA has been pending before the FDA since at least June 17, 2026, the date appearing on Granules' Notice Letter.

204.   On information and belief, Granules' ANDA Products are covered by at least one or more properly construed claims of the '512 patent, either literally or under the doctrine of equivalents.

205.   Granules' submission of Granules' ANDA to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '512 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

206.    There is a justiciable controversy between the parties hereto as to the infringement of the '512 patent.

207.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '512 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.

208.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '512 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules' proposed label affirmatively instructs healthcare providers and/or patients to use Granules' ANDA Products in a manner that directly infringes one or more claims of the '512 patent.  By including such instructions in its proposed label, Granules has intentionally taken active steps to encourage acts of direct infringement with knowledge of the '512 patent and with knowledge that its acts are encouraging infringement.

209.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '512 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' ANDA Products are especially adapted for a use that infringes one or more claims of the '512 patent and that there is no substantial non-infringing use for Granules' ANDA Products.

210. Granules' ANDA Products are required in accordance with 21 U.S.C. § 355(j)(2)(A)(v) to have the same clinical instructions on use, be administered in the same manner, and achieve the same results as inventions claimed in the '512 patent.

211. Plaintiffs will be substantially and irreparably damaged and harmed if Granules' infringement of the '512 patent is not enjoined.

212. Plaintiffs do not have an adequate remedy at law.

213. This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

**COUNT XII**
**Infringement of the '513 Patent**

214. Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

215. Granules, by the submission of its Paragraph IV Certification as part of Granules' ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '513 patent.

216. Granules' ANDA has been pending before the FDA since at least June 17, 2026, the date appearing on Granules' Notice Letter.

217. On information and belief, Granules' ANDA Products are covered by at least one or more properly construed claims of the '513 patent, either literally or under the doctrine of equivalents.

218.   Granules' submission of Granules' ANDA to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '513 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

219.   There is a justiciable controversy between the parties hereto as to the infringement of the '513 patent.

220.   Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '513 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.

221.   Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '513 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules' proposed label affirmatively instructs healthcare providers and/or patients to use Granules' ANDA Products in a manner that directly infringes one or more claims of the '513 patent.  By including such instructions in its proposed label, Granules has intentionally taken active steps to encourage acts of direct infringement with knowledge of the '513 patent and with knowledge that its acts are encouraging infringement.

222.   Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '513 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' ANDA Products are especially adapted for a use that infringes one or more claims

of the '513 patent and that there is no substantial non-infringing use for Granules' ANDA Products.

223.    Granules' ANDA Products are required in accordance with 21 U.S.C. § 355(j)(2)(A)(v) to have the same clinical instructions on use, be administered in the same manner, and achieve the same results as inventions claimed in the '513 patent.

224.    Plaintiffs will be substantially and irreparably damaged and harmed if Granules' infringement of the '513 patent is not enjoined.

225.    Plaintiffs do not have an adequate remedy at law.

226.    This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

### COUNT XIII
### Infringement of the '418 Patent

227.    Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

228.    Granules, by the submission of its Paragraph IV Certification as part of Granules' ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '418 patent.

229.    Granules' ANDA has been pending before the FDA since at least June 17, 2026, the date appearing on Granules' Notice Letter.

230. On information and belief, Granules' ANDA Products are covered by at least one or more properly construed claims of the '418 patent, either literally or under the doctrine of equivalents.

231. Granules' submission of Granules' ANDA to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '418 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

232. There is a justiciable controversy between the parties hereto as to the infringement of the '418 patent.

233. Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '418 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.

234. Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '418 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States. On information and belief, Granules' proposed label affirmatively instructs healthcare providers and/or patients to use Granules' ANDA Products in a manner that directly infringes one or more claims of the '418 patent. By including such instructions in its proposed label, Granules has intentionally taken active steps to encourage acts of direct infringement with knowledge of the '418 patent and with knowledge that its acts are encouraging infringement.

235. Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '418 patent under 35 U.S.C. § 271(c) by

making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' ANDA Products are especially adapted for a use that infringes one or more claims of the '418 patent and that there is no substantial non-infringing use for Granules' ANDA Products.

236.    Granules' ANDA Products are required in accordance with 21 U.S.C. § 355(j)(2)(A)(v) to have the same clinical instructions on use, be administered in the same manner, and achieve the same results as inventions claimed in the '418 patent.

237.    Plaintiffs will be substantially and irreparably damaged and harmed if Granules' infringement of the '418 patent is not enjoined.

238.    Plaintiffs do not have an adequate remedy at law.

239.    This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT XIV
### Infringement of the '557 Patent

240.    Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

241.    Granules, by the submission of its Paragraph IV Certification as part of Granules' ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '557 patent.

242. Granules' ANDA has been pending before the FDA since at least June 17, 2026, the date appearing on Granules' Notice Letter.

243. On information and belief, Granules' ANDA Products are covered by at least one or more properly construed claims of the '557 patent, either literally or under the doctrine of equivalents.

244. Granules' submission of Granules' ANDA to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '557 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

245. There is a justiciable controversy between the parties hereto as to the infringement of the '557 patent.

246. Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '557 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.

247. Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '557 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States. On information and belief, Granules' proposed label affirmatively instructs healthcare providers and/or patients to use Granules' ANDA Products in a manner that directly infringes one or more claims of the '557 patent. By including such instructions in its proposed label, Granules has intentionally taken active steps to encourage acts of direct infringement with knowledge of the '557 patent and with knowledge that its acts are encouraging infringement.

248.     Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '557 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' ANDA Products are especially adapted for a use that infringes one or more claims of the '557 patent and that there is no substantial non-infringing use for Granules' ANDA Products.

249.     Granules' ANDA Products are required in accordance with 21 U.S.C. § 355(j)(2)(A)(v) to have the same clinical instructions on use, be administered in the same manner, and achieve the same results as inventions claimed in the '557 patent.

250.     Plaintiffs will be substantially and irreparably damaged and harmed if Granules' infringement of the '557 patent is not enjoined.

251.     Plaintiffs do not have an adequate remedy at law.

252.     This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

### COUNT XV
### Infringement of the '335 Patent

253.     Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

254.     Granules, by the submission of its Paragraph IV Certification as part of Granules' ANDA to the FDA, has indicated that it seeks approval to engage in the commercial

manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '335 patent.

255.    Granules' ANDA has been pending before the FDA since at least June 17, 2026, the date appearing on Granules' Notice Letter.

256.    On information and belief, Granules' ANDA Products are covered by at least one or more properly construed claims of the '335 patent, either literally or under the doctrine of equivalents.

257.    Granules' submission of Granules' ANDA to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '335 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

258.    There is a justiciable controversy between the parties hereto as to the infringement of the '335 patent.

259.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '335 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.

260.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '335 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules' proposed label affirmatively instructs healthcare providers and/or patients to use Granules' ANDA Products in a manner that directly

infringes one or more claims of the '335 patent.  By including such instructions in its proposed label, Granules has intentionally taken active steps to encourage acts of direct infringement with knowledge of the '335 patent and with knowledge that its acts are encouraging infringement.

261.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '335 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' ANDA Products are especially adapted for a use that infringes one or more claims of the '335 patent and that there is no substantial non-infringing use for Granules' ANDA Products.

262.    Granules' ANDA Products are required in accordance with 21 U.S.C. § 355(j)(2)(A)(v) to have the same clinical instructions on use, be administered in the same manner, and achieve the same results as inventions claimed in the '335 patent.

263.    Plaintiffs will be substantially and irreparably damaged and harmed if Granules' infringement of the '335 patent is not enjoined.

264.    Plaintiffs do not have an adequate remedy at law.

265.    This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT XVI
## Infringement of the '597 Patent

266.    Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

267.    Granules, by the submission of its Paragraph IV Certification as part of Granules' ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '597 patent.

268.    Granules' ANDA has been pending before the FDA since at least June 17, 2026, the date appearing on Granules' Notice Letter.

269.    On information and belief, Granules' ANDA Products are covered by at least one or more properly construed claims of the '597 patent, either literally or under the doctrine of equivalents.

270.    Granules' submission of Granules' ANDA to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '597 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

271.    There is a justiciable controversy between the parties hereto as to the infringement of the '597 patent.

272.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '597 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.

273.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '597 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the

United States.  On information and belief, Granules' proposed label affirmatively instructs healthcare providers and/or patients to use Granules' ANDA Products in a manner that directly infringes one or more claims of the '597 patent.  By including such instructions in its proposed label, Granules has intentionally taken active steps to encourage acts of direct infringement with knowledge of the '597 patent and with knowledge that its acts are encouraging infringement.

274.   Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '597 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' ANDA Products are especially adapted for a use that infringes one or more claims of the '597 patent and that there is no substantial non-infringing use for Granules' ANDA Products.

275.   Granules' ANDA Products are required in accordance with 21 U.S.C. § 355(j)(2)(A)(v) to have the same clinical instructions on use, be administered in the same manner, and achieve the same results as inventions claimed in the '597 patent.

276.   Plaintiffs will be substantially and irreparably damaged and harmed if Granules' infringement of the '597 patent is not enjoined.

277.   Plaintiffs do not have an adequate remedy at law.

278.   This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT XVII
### Infringement of the '572 Patent

279.    Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

280.    Granules, by the submission of its Paragraph IV Certification as part of Granules' ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '572 patent.

281.    Granules' ANDA has been pending before the FDA since at least June 17, 2026, the date appearing on Granules' Notice Letter.

282.    On information and belief, Granules' ANDA Products are covered by at least one or more properly construed claims of the '572 patent, either literally or under the doctrine of equivalents.

283.    Granules' submission of Granules' ANDA to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '572 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

284.    There is a justiciable controversy between the parties hereto as to the infringement of the '572 patent.

285.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '572 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.

286.   Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '572 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules' proposed label affirmatively instructs healthcare providers and/or patients to use Granules' ANDA Products in a manner that directly infringes one or more claims of the '572 patent.  By including such instructions in its proposed label, Granules has intentionally taken active steps to encourage acts of direct infringement with knowledge of the '572 patent and with knowledge that its acts are encouraging infringement.

287.   Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '572 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' ANDA Products are especially adapted for a use that infringes one or more claims of the '572 patent and that there is no substantial non-infringing use for Granules' ANDA Products.

288.   Granules' ANDA Products are required in accordance with 21 U.S.C. § 355(j)(2)(A)(v) to have the same clinical instructions on use, be administered in the same manner, and achieve the same results as inventions claimed in the '572 patent.

289.   Plaintiffs will be substantially and irreparably damaged and harmed if Granules' infringement of the '572 patent is not enjoined.

290.   Plaintiffs do not have an adequate remedy at law.

291.    This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT XVIII
### Infringement of the '451 Patent

292.    Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

293.    Granules, by the submission of its Paragraph IV Certification as part of Granules' ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '451 patent.

294.    Granules' ANDA has been pending before the FDA since at least June 17, 2026, the date appearing on Granules' Notice Letter.

295.    On information and belief, Granules' ANDA Products are covered by at least one or more properly construed claims of the '451 patent, either literally or under the doctrine of equivalents.

296.    Granules' submission of Granules' ANDA to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '451 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

297.    There is a justiciable controversy between the parties hereto as to the infringement of the '451 patent.

298.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '451 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.

299.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '451 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules' proposed label affirmatively instructs healthcare providers and/or patients to use Granules' ANDA Products in a manner that directly infringes one or more claims of the '451 patent.  By including such instructions in its proposed label, Granules has intentionally taken active steps to encourage acts of direct infringement with knowledge of the '451 patent and with knowledge that its acts are encouraging infringement.

300.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '451 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' ANDA Products are especially adapted for a use that infringes one or more claims of the '451 patent and that there is no substantial non-infringing use for Granules' ANDA Products.

301.    Granules' ANDA Products are required in accordance with 21 U.S.C. § 355(j)(2)(A)(v) to have the same clinical instructions on use, be administered in the same manner, and achieve the same results as inventions claimed in the '451 patent.

302.    Plaintiffs will be substantially and irreparably damaged and harmed if Granules' infringement of the '451 patent is not enjoined.

303.    Plaintiffs do not have an adequate remedy at law.

304.    This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT XIX
### Infringement of the '175 Patent

305.    Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

306.    Granules, by the submission of its Paragraph IV Certification as part of Granules' ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '175 patent.

307.    Granules' ANDA has been pending before the FDA since at least June 17, 2026, the date appearing on Granules' Notice Letter.

308.    On information and belief, Granules' ANDA Products are covered by at least one or more properly construed claims of the '175 patent, either literally or under the doctrine of equivalents.

309.    Granules' submission of Granules' ANDA to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '175 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

310.    There is a justiciable controversy between the parties hereto as to the infringement of the '175 patent.

311.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '175 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.

312.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '175 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules' proposed label affirmatively instructs healthcare providers and/or patients to use Granules' ANDA Products in a manner that directly infringes one or more claims of the '175 patent.  By including such instructions in its proposed label, Granules has intentionally taken active steps to encourage acts of direct infringement with knowledge of the '175 patent and with knowledge that its acts are encouraging infringement.

313.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '175 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' ANDA Products are especially adapted for a use that infringes one or more claims of the '175 patent and that there is no substantial non-infringing use for Granules' ANDA Products.

314.    Granules' ANDA Products are required in accordance with 21 U.S.C. § 355(j)(2)(A)(v) to have the same clinical instructions on use, be administered in the same manner, and achieve the same results as inventions claimed in the '175 patent.

315.    Plaintiffs will be substantially and irreparably damaged and harmed if Granules' infringement of the '175 patent is not enjoined.

316.    Plaintiffs do not have an adequate remedy at law.

317.    This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT XX
### Infringement of the '176 Patent

318.    Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

319.    Granules, by the submission of its Paragraph IV Certification as part of Granules' ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '176 patent.

320.    Granules' ANDA has been pending before the FDA since at least June 17, 2026, the date appearing on Granules' Notice Letter.

321.    On information and belief, Granules' ANDA Products are covered by at least one or more properly construed claims of the '176 patent, either literally or under the doctrine of equivalents.

322.  Granules' submission of Granules' ANDA to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '176 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

323.  There is a justiciable controversy between the parties hereto as to the infringement of the '176 patent.

324.  Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '176 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.

325.  Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '176 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules' proposed label affirmatively instructs healthcare providers and/or patients to use Granules' ANDA Products in a manner that directly infringes one or more claims of the '176 patent.  By including such instructions in its proposed label, Granules has intentionally taken active steps to encourage acts of direct infringement with knowledge of the '176 patent and with knowledge that its acts are encouraging infringement.

326.  Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '176 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' ANDA Products are especially adapted for a use that infringes one or more claims

of the '176 patent and that there is no substantial non-infringing use for Granules' ANDA Products.

327.   Granules' ANDA Products are required in accordance with 21 U.S.C. § 355(j)(2)(A)(v) to have the same clinical instructions on use, be administered in the same manner, and achieve the same results as inventions claimed in the '176 patent.

328.   Plaintiffs will be substantially and irreparably damaged and harmed if Granules' infringement of the '176 patent is not enjoined.

329.   Plaintiffs do not have an adequate remedy at law.

330.   This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT XXI
## Infringement of the '186 Patent

331.   Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

332.   Granules, by the submission of its Paragraph IV Certification as part of Granules' ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '186 patent.

333.   Granules' ANDA has been pending before the FDA since at least June 17, 2026, the date appearing on Granules' Notice Letter.

334.    On information and belief, Granules' ANDA Products are covered by at least one or more properly construed claims of the '186 patent, either literally or under the doctrine of equivalents.

335.    Granules' submission of Granules' ANDA to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '186 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

336.    There is a justiciable controversy between the parties hereto as to the infringement of the '186 patent.

337.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '186 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.

338.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '186 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules' proposed label affirmatively instructs healthcare providers and/or patients to use Granules' ANDA Products in a manner that directly infringes one or more claims of the '186 patent.  By including such instructions in its proposed label, Granules has intentionally taken active steps to encourage acts of direct infringement with knowledge of the '186 patent and with knowledge that its acts are encouraging infringement.

339.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '186 patent under 35 U.S.C. § 271(c) by

making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States. On information and belief, Granules has had and continues to have knowledge that Granules' ANDA Products are especially adapted for a use that infringes one or more claims of the '186 patent and that there is no substantial non-infringing use for Granules' ANDA Products.

340. Granules' ANDA Products are required in accordance with 21 U.S.C. § 355(j)(2)(A)(v) to have the same clinical instructions on use, be administered in the same manner, and achieve the same results as inventions claimed in the '186 patent.

341. Plaintiffs will be substantially and irreparably damaged and harmed if Granules' infringement of the '186 patent is not enjoined.

342. Plaintiffs do not have an adequate remedy at law.

343. This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT XXII
## Infringement of the '142 Patent

344. Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

345. Granules, by the submission of its Paragraph IV Certification as part of Granules' ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '142 patent.

346.    Granules' ANDA has been pending before the FDA since at least June 17, 2026, the date appearing on Granules' Notice Letter.

347.    On information and belief, Granules' ANDA Products are covered by at least one or more properly construed claims of the '142 patent, either literally or under the doctrine of equivalents.

348.    Granules' submission of Granules' ANDA to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '142 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

349.    There is a justiciable controversy between the parties hereto as to the infringement of the '142 patent.

350.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '142 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.

351.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '142 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules' proposed label affirmatively instructs healthcare providers and/or patients to use Granules' ANDA Products in a manner that directly infringes one or more claims of the '142 patent.  By including such instructions in its proposed label, Granules has intentionally taken active steps to encourage acts of direct infringement with knowledge of the '142 patent and with knowledge that its acts are encouraging infringement.

352.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '142 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' ANDA Products are especially adapted for a use that infringes one or more claims of the '142 patent and that there is no substantial non-infringing use for Granules' ANDA Products.

353.    Granules' ANDA Products are required in accordance with 21 U.S.C. § 355(j)(2)(A)(v) to have the same clinical instructions on use, be administered in the same manner, and achieve the same results as inventions claimed in the '142 patent.

354.    Plaintiffs will be substantially and irreparably damaged and harmed if Granules' infringement of the '142 patent is not enjoined.

355.    Plaintiffs do not have an adequate remedy at law.

356.    This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT XXIII
## Infringement of the '143 Patent

357.    Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

358.    Granules, by the submission of its Paragraph IV Certification as part of Granules' ANDA to the FDA, has indicated that it seeks approval to engage in the commercial

manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '143 patent.

359.    Granules' ANDA has been pending before the FDA since at least June 17, 2026, the date appearing on Granules' Notice Letter.

360.    On information and belief, Granules' ANDA Products are covered by at least one or more properly construed claims of the '143 patent, either literally or under the doctrine of equivalents.

361.    Granules' submission of Granules' ANDA to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '143 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

362.    There is a justiciable controversy between the parties hereto as to the infringement of the '143 patent.

363.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '143 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.

364.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '143 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules' proposed label affirmatively instructs healthcare providers and/or patients to use Granules' ANDA Products in a manner that directly

infringes one or more claims of the '143 patent. By including such instructions in its proposed label, Granules has intentionally taken active steps to encourage acts of direct infringement with knowledge of the '143 patent and with knowledge that its acts are encouraging infringement.

365. Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '143 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States. On information and belief, Granules has had and continues to have knowledge that Granules' ANDA Products are especially adapted for a use that infringes one or more claims of the '143 patent and that there is no substantial non-infringing use for Granules' ANDA Products.

366. Granules' ANDA Products are required in accordance with 21 U.S.C. § 355(j)(2)(A)(v) to have the same clinical instructions on use, be administered in the same manner, and achieve the same results as inventions claimed in the '143 patent.

367. Plaintiffs will be substantially and irreparably damaged and harmed if Granules' infringement of the '143 patent is not enjoined.

368. Plaintiffs do not have an adequate remedy at law.

369. This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT XXIV
### Infringement of the '144 Patent

370. Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

371.    Granules, by the submission of its Paragraph IV Certification as part of Granules' ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '144 patent.

372.    Granules' ANDA has been pending before the FDA since at least June 17, 2026, the date appearing on Granules' Notice Letter.

373.    On information and belief, Granules' ANDA Products are covered by at least one or more properly construed claims of the '144 patent, either literally or under the doctrine of equivalents.

374.    Granules' submission of Granules' ANDA to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '144 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

375.    There is a justiciable controversy between the parties hereto as to the infringement of the '144 patent.

376.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '144 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.

377.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '144 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the

United States.  On information and belief, Granules' proposed label affirmatively instructs healthcare providers and/or patients to use Granules' ANDA Products in a manner that directly infringes one or more claims of the '144 patent.  By including such instructions in its proposed label, Granules has intentionally taken active steps to encourage acts of direct infringement with knowledge of the '144 patent and with knowledge that its acts are encouraging infringement.

378.   Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '144 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' ANDA Products are especially adapted for a use that infringes one or more claims of the '144 patent and that there is no substantial non-infringing use for Granules' ANDA Products.

379.   Granules' ANDA Products are required in accordance with 21 U.S.C. § 355(j)(2)(A)(v) to have the same clinical instructions on use, be administered in the same manner, and achieve the same results as inventions claimed in the '144 patent.

380.   Plaintiffs will be substantially and irreparably damaged and harmed if Granules' infringement of the '144 patent is not enjoined.

381.   Plaintiffs do not have an adequate remedy at law.

382.   This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

**COUNT XXV**
**Infringement of the '145 Patent**

383.    Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

384.    Granules, by the submission of its Paragraph IV Certification as part of Granules' ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '145 patent.

385.    Granules' ANDA has been pending before the FDA since at least June 17, 2026, the date appearing on Granules' Notice Letter.

386.    On information and belief, Granules' ANDA Products are covered by at least one or more properly construed claims of the '145 patent, either literally or under the doctrine of equivalents.

387.    Granules' submission of Granules' ANDA to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '145 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

388.    There is a justiciable controversy between the parties hereto as to the infringement of the '145 patent.

389.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '145 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.

390. Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '145 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States. On information and belief, Granules' proposed label affirmatively instructs healthcare providers and/or patients to use Granules' ANDA Products in a manner that directly infringes one or more claims of the '145 patent. By including such instructions in its proposed label, Granules has intentionally taken active steps to encourage acts of direct infringement with knowledge of the '145 patent and with knowledge that its acts are encouraging infringement.

391. Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '145 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States. On information and belief, Granules has had and continues to have knowledge that Granules' ANDA Products are especially adapted for a use that infringes one or more claims of the '145 patent and that there is no substantial non-infringing use for Granules' ANDA Products.

392. Granules' ANDA Products are required in accordance with 21 U.S.C. § 355(j)(2)(A)(v) to have the same clinical instructions on use, be administered in the same manner, and achieve the same results as inventions claimed in the '145 patent.

393. Plaintiffs will be substantially and irreparably damaged and harmed if Granules' infringement of the '145 patent is not enjoined.

394. Plaintiffs do not have an adequate remedy at law.

395.    This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

**COUNT XXVI**
**Infringement of the '021 Patent**

396.    Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

397.    Granules, by the submission of its Paragraph IV Certification as part of Granules' ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '021 patent.

398.    Granules' ANDA has been pending before the FDA since at least June 17, 2026, the date appearing on Granules' Notice Letter.

399.    On information and belief, Granules' ANDA Products are covered by at least one or more properly construed claims of the '021 patent, either literally or under the doctrine of equivalents.

400.    Granules' submission of Granules' ANDA to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '021 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

401.    There is a justiciable controversy between the parties hereto as to the infringement of the '021 patent.

402.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '021 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.

403.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '021 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules' proposed label affirmatively instructs healthcare providers and/or patients to use Granules' ANDA Products in a manner that directly infringes one or more claims of the '021 patent.  By including such instructions in its proposed label, Granules has intentionally taken active steps to encourage acts of direct infringement with knowledge of the '021 patent and with knowledge that its acts are encouraging infringement.

404.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '021 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' ANDA Products are especially adapted for a use that infringes one or more claims of the '021 patent and that there is no substantial non-infringing use for Granules' ANDA Products.

405.    Granules' ANDA Products are required in accordance with 21 U.S.C. § 355(j)(2)(A)(v) to have the same clinical instructions on use, be administered in the same manner, and achieve the same results as inventions claimed in the '021 patent.

406.    Plaintiffs will be substantially and irreparably damaged and harmed if Granules' infringement of the '021 patent is not enjoined.

407.    Plaintiffs do not have an adequate remedy at law.

408.    This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT XXVII
### Infringement of the '239 Patent

409.    Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

410.    Granules, by the submission of its Paragraph IV Certification as part of Granules' ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '239 patent.

411.    Granules' ANDA has been pending before the FDA since at least June 17, 2026, the date appearing on Granules' Notice Letter.

412.    On information and belief, Granules' ANDA Products are covered by at least one or more properly construed claims of the '239 patent, either literally or under the doctrine of equivalents.

413.    Granules' submission of Granules' ANDA to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '239 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

414.    There is a justiciable controversy between the parties hereto as to the infringement of the '239 patent.

415.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '239 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.

416.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '239 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules' proposed label affirmatively instructs healthcare providers and/or patients to use Granules' ANDA Products in a manner that directly infringes one or more claims of the '239 patent.  By including such instructions in its proposed label, Granules has intentionally taken active steps to encourage acts of direct infringement with knowledge of the '239 patent and with knowledge that its acts are encouraging infringement.

417.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '239 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' ANDA Products are especially adapted for a use that infringes one or more claims of the '239 patent and that there is no substantial non-infringing use for Granules' ANDA Products.

418.    Granules' ANDA Products are required in accordance with 21 U.S.C. § 355(j)(2)(A)(v) to have the same clinical instructions on use, be administered in the same manner, and achieve the same results as inventions claimed in the '239 patent.

419.    Plaintiffs will be substantially and irreparably damaged and harmed if Granules' infringement of the '239 patent is not enjoined.

420.    Plaintiffs do not have an adequate remedy at law.

421.    This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT XXVIII
## Infringement of the '793 Patent

422.    Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

423.    Granules, by the submission of its Paragraph IV Certification as part of Granules' ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '793 patent.

424.    Granules' ANDA has been pending before the FDA since at least June 17, 2026, the date appearing on Granules' Notice Letter.

425.    On information and belief, Granules' ANDA Products are covered by at least one or more properly construed claims of the '793 patent, either literally or under the doctrine of equivalents.

426.    Granules' submission of Granules' ANDA to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '793 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

427.    There is a justiciable controversy between the parties hereto as to the infringement of the '793 patent.

428.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '793 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.

429.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '793 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules' proposed label affirmatively instructs healthcare providers and/or patients to use Granules' ANDA Products in a manner that directly infringes one or more claims of the '793 patent.  By including such instructions in its proposed label, Granules has intentionally taken active steps to encourage acts of direct infringement with knowledge of the '793 patent and with knowledge that its acts are encouraging infringement.

430.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '793 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' ANDA Products are especially adapted for a use that infringes one or more claims

of the '793 patent and that there is no substantial non-infringing use for Granules' ANDA Products.

431.   Granules' ANDA Products are required in accordance with 21 U.S.C. § 355(j)(2)(A)(v) to have the same clinical instructions on use, be administered in the same manner, and achieve the same results as inventions claimed in the '793 patent.

432.   Plaintiffs will be substantially and irreparably damaged and harmed if Granules' infringement of the '793 patent is not enjoined.

433.   Plaintiffs do not have an adequate remedy at law.

434.   This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

### COUNT XXIX
### Infringement of the '478 Patent

435.   Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

436.   Granules, by the submission of its Paragraph IV Certification as part of Granules' ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '478 patent.

437.   Granules' ANDA has been pending before the FDA since at least June 17, 2026, the date appearing on Granules' Notice Letter.

438.    On information and belief, Granules' ANDA Products are covered by at least one or more properly construed claims of the '478 patent, either literally or under the doctrine of equivalents.

439.    Granules' submission of Granules' ANDA to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Granules' ANDA Products, prior to the expiration of the '478 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

440.    There is a justiciable controversy between the parties hereto as to the infringement of the '478 patent.

441.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '478 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.

442.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '478 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States.  On information and belief, Granules' proposed label affirmatively instructs healthcare providers and/or patients to use Granules' ANDA Products in a manner that directly infringes one or more claims of the '478 patent.  By including such instructions in its proposed label, Granules has intentionally taken active steps to encourage acts of direct infringement with knowledge of the '478 patent and with knowledge that its acts are encouraging infringement.

443.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '478 patent under 35 U.S.C. § 271(c) by

making, using, offering to sell, selling, and/or importing Granules' ANDA Products in the United States. On information and belief, Granules has had and continues to have knowledge that Granules' ANDA Products are especially adapted for a use that infringes one or more claims of the '478 patent and that there is no substantial non-infringing use for Granules' ANDA Products.

444.   Granules' ANDA Products are required in accordance with 21 U.S.C. § 355(j)(2)(A)(v) to have the same clinical instructions on use, be administered in the same manner, and achieve the same results as inventions claimed in the '478 patent.

445.   Plaintiffs will be substantially and irreparably damaged and harmed if Granules' infringement of the '478 patent is not enjoined.

446.   Plaintiffs do not have an adequate remedy at law.

447.   This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request the following relief:

A. A Judgment that Granules has infringed each of the patents-in-suit by submitting ANDA No. 221586;

B. A Judgment that Granules has infringed, and that Granules' making, using, offering to sell, selling, or importing Granules' ANDA Products will infringe one or more claims of the patents-in-suit;

C. An Order that the effective date of FDA approval of ANDA No. 221586 be a date which is not earlier than the later of the last date of expiration of the patents-in-suit, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

D. A preliminary injunction enjoining Granules and its officers, agents, attorneys, employees, and those acting in privity or concert with them, from making, using, offering to sell, selling, or importing Granules' ANDA Products until after the expiration of all of the patents-in-suit, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

E. A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Granules, its officers, agents, attorneys, employees, and those acting in privity or concert with them, from making, using, offering to sell, selling, or importing sodium oxybate formulations or compositions claimed in the patents-in-suit, or from actively inducing or contributing to the infringement of any claim of the patents-in-suit, until after the expiration of all of the patents-in-suit, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

F. A Judgment that the commercial manufacture, use, importation into the United States, sale, and/or offer for sale of Granules' ANDA Products will directly infringe, induce and/or contribute to infringement of the patents-in-suit;

G.      To the extent that Granules has committed any acts with respect to the inventions claimed in any of the patents-in-suit, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), a Judgment awarding Plaintiffs damages for such acts;

H.      If Granules engages in the commercial manufacture, use, importation into the United States, sale, and/or offer for sale of Granules' ANDA Products prior to the expiration of all of the patents-in-suit, a Judgment awarding damages to Plaintiffs resulting from such infringement, together with interest;

I.      A Judgment declaring that the patents-in-suit remain valid and enforceable;

J.      A Judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Plaintiffs their attorneys' fees incurred in this action;

K.      A Judgment awarding Plaintiffs their costs and expenses incurred in this action; and

L.      Such further and other relief as this Court may deem just and proper.

Dated: July 30, 2026

/s/ Cynthia S. Betz
Cynthia S. Betz
Desiree L. Grace

**OF COUNSEL**:
Vishal C. Gupta
John J. Molenda (*pro hac vice* forthcoming)
Jordan P. Markham (*pro hac vice* forthcoming)
Tyler Doh
Lillian Wallace (*pro hac vice* forthcoming)
Michael I. Green (*pro hac vice* forthcoming)
Fievel Lim (*pro hac vice* forthcoming)
**STEPTOE LLP**
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 506-3900
vgupta@steptoe.com
jmolenda@steptoe.com
jmarkham@steptoe.com
tdoh@steptoe.com
lwallace@steptoe.com
migreen@steptoe.com
flim@steptoe.com

**MCCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 622-4444
cbetz@mccarter.com
dgrace@mccarter.com


*Attorneys for Plaintiffs*
*Avadel CNS Pharmaceuticals, LLC and*
*Flamel Ireland Limited*

## LOCAL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 30, 2026

OF COUNSEL:
Vishal C. Gupta
John J. Molenda (*pro hac vice* forthcoming)
Jordan P. Markham (*pro hac vice* forthcoming)
Tyler Doh
Lillian Wallace (*pro hac vice* forthcoming)
Michael I. Green (*pro hac vice* forthcoming)
Fievel Lim (*pro hac vice* forthcoming)
STEPTOE LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 506-3900
vgupta@steptoe.com
jmolenda@steptoe.com
jmarkham@steptoe.com
tdoh@steptoe.com
lwallace@steptoe.com
migreen@steptoe.com
flim@steptoe.com

*/s/ Cynthia S. Betz*
Cynthia S. Betz
Desiree L. Grace
MCCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 622-4444
cbetz@mccarter.com
dgrace@mccarter.com

*Attorneys for Plaintiffs*
*Avadel CNS Pharmaceuticals, LLC and*
*Flamel Ireland Limited*